UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUINTON JAMAL DANIELS,

    Petitioner,

v.

    Case No. 1:18-cv-490

    HON. JANET T. NEFF

WILLIE O. SMITH,

    Respondent.

_____/

**OPINION AND ORDER**

    This is a habeas corpus action filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court deny Petitioner's habeas corpus petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

    Petitioner essentially presents three objections, related to the Magistrate Judge's alleged failure to recognize the invalidity of Petitioner's plea (ECF No. 13 at PageID.256-258).[1] First,

---

[1] Petitioner characterizes his claim as involving "an unreasonable determination of the facts in light of the evidence in the State court proceeding," 28 U.S.C. § 2254(d)(2). However, the analysis in the Report and Recommendation considers his claim under § 2254(d)(1), appropriately concluding that "the state courts' determinations that the plea is valid, and the courts' rejection of Petitioner's claim of innocence, are neither contrary to, nor an unreasonable application of, clearly established federal law" (ECF No. 12 at PageID.253). Regardless, Petitioner's objections are properly denied.

Petitioner argues that the Magistrate Judge erred in "using a reference to a record that was developed during the sentencing phase," when the heart of the matter pertained to the plea hearing (*id*. at PageID.257). Petitioner's argument is misplaced. While the Magistrate Judge did reference a quote from the sentencing proceeding, she also globally referenced "[t]he transcripts from Petitioner's trial court proceedings" (ECF No. 12 at PageID.247). Trial court proceedings are not exclusive to the sentence proceeding. However, even if the Magistrate Judge only referred to the transcripts from the sentence proceeding, Petitioner still failed to "provide any evidentiary support for his contention that bipolar disorder or his medications rendered him incompetent for the trial court proceedings" (*id*.). This objection is denied.

Next, Petitioner argues that the Magistrate Judge erred in failing to conclude that Petitioner has a valid ineffective-assistance claim (ECF No. 13 at PageID.257-258). Petitioner opines that his claim is supported by the Magistrate Judge's acknowledgment that "'Petitioner's counsel thought that the [sentencing guideline] estimate might be high,'" when in fact it was low (*id*. at PageID.257, quoting ECF No. 12 at Page.250). Petitioner argues that this acknowledgement is proof that he was "uninformed and more than likely fed" inaccurate information by counsel that confused Petitioner (ECF No. 13 at PageID.258). However, the Magistrate Judge addressed such concerns, noting that Petitioner had provided the Court no basis to conclude that he would have not entered the plea if counsel had told him the higher minimum guideline range, and further stating with regard to counsel's purported promise of a one-year minimum sentence:

> Even if counsel had promised such a sentence, and thereby caused Petitioner any misperceptions regarding the range of outcomes, the trial court corrected those misperceptions at the plea hearing. *Ramos v. Rogers*, 170 F.3d 560, 565 (6th Cir. 1999) ("[T]he state trial court's proper colloquy can be said to have cured any misunderstanding Ramos may have had about the consequences of his plea.")

(ECF No. 12 at PageID.251). Thus, Petitioner failed to show any prejudice as a result of any alleged ineffectiveness (*id*.). This objection is therefore denied.

Last, Petitioner disagrees with the Magistrate Judge's use of her "interpretation of **LOGIC** in her reasoning" in concluding: "It defies logic for Petitioner to say he was willing to enter a plea in exchange for a 84-month minimum when the minimum guidelines range was 81 to 135 months, but he would not enter a plea in exchange for an 84-month minimum if the minimum guidelines range was 108 to 225 months" (ECF No. 13 at PageID.258). Petitioner states that "[f]or most Petitioners this may be a reasonable interpretation to use when making this decision," but the Magistrate Judge still fails to consider Petitioner's claim that he was unstable due to a heavy prescription of psychotropic medication (*id*.).

Petitioner, however, disregards the applicable legal standards for his claims and the showing necessary to establish ineffective assistance. As the Magistrate Judge observed, "[i]n *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel" (ECF No. 12 at PageID.249). The second prong requires Petitioner to prove "that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome" (*id*.). Petitioner failed to show "how he was prejudiced by the preliminary estimate error" (*id*. at PageID.251). The Magistrate Judge's reasoning on this issue is sound:

> If the *Cobbs* agreement was a good deal based upon the initial estimate of the guidelines, it became an even better deal when guidelines were finally scored. Indeed, the *Cobbs* agreement minimum was so low that the trial court was compelled to depart downward from the discretionary guideline minimum sentence range to go forward with the agreement. Petitioner has provided the Court no basis to conclude that he would have not entered the plea if counsel had told him the minimum guidelines range was 108 to 225 months.

This objection is denied.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues

raised.  *See* Rules Governing § 2254 Cases, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").  The Court must review the issues individually.  *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).  Upon review under the applicable standards, the Magistrate Judge recommended that a certificate of appealability be denied (ECF No. 12 at PageID.253-254).  This Court concurs with that recommendation and concludes that reasonable jurists would not find the Court's assessment of the validity of Petitioner's plea debatable or wrong.  A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 13) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 12) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Habeas Corpus Petition (ECF No. 1) is DENIED.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issued asserted.

Dated:  March 31, 2020

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge